# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

KARLYE COFFMAN
o/b/o K.M.C.                                                          PLAINTIFF

v.                      No. 4:18-CV-00150-DPM-JTK

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
performing the duties and functions
not reserved to the Commissioner of
Social Security                                                       DEFENDANT

## RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## REASONING FOR RECOMMENDED DISPOSITION

An application was filed on behalf of K.M.C., a child under the age of 18, with an alleged disability onset date of April 29, 2015. (R. at 60). The administrative law judge (ALJ) held a hearing, after which he denied the application. (R. at 26). The Appeals Council denied review. (R. at 1). Karlye Coffman, K.M.C.'s mother, has requested judicial review on K.M.C.'s behalf.

For the reasons stated below, the undersigned magistrate judge recommends reversing and remanding the Commissioner's decision.

I.   **The Commissioner's Decision**

The ALJ found that K.M.C. had the severe impairments of unspecified disruptive, impulse control, and conduct disorder and speech and language delays. (R. at 13). The ALJ further found that K.M.C.'s impairments did not meet or medically equal the severity of any listed impairment. (R. at 13). The ALJ also concluded that K.M.C.'s impairments did not functionally equal the severity of the listings. (R. at 14). Therefore, the ALJ held that K.M.C. was not disabled. (R. at 26).

II.   **Discussion**

The Court reviews the record to determine whether substantial evidence on the record as a whole supports the Commissioner's findings. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" is less than a preponderance but more than a mere scintilla; it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted).

When determining whether a minor child's impairments functionally equal the listings, an ALJ assesses the child's functioning in six domains: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being. 20 C.F.R. § 416.926a. In order for an impairment to be found to functionally equal a listing, the minor child must have marked limitations in two domains or extreme limitations in one domain. *Id.*

Coffman argues that the ALJ failed to fully and fairly develop the record where the ALJ acknowledged that a psychological consultative examiner assessed K.M.C. as an adult and was not a proper examiner for a young child and then sent K.M.C. back to the

same examiner for the proposed additional consultative examination and that the ALJ also erred in giving great weight to the opinion of the same consultative examiner. She further argues that the ALJ's assessment of K.M.C.'s limitations in the six domains is not supported by substantial evidence on the record as a whole. As the undersigned agrees that the ALJ erred in sending K.M.C. to the same consultative examiner for a second exam and erred in giving the opinion of that examiner great weight, it is not necessary to reach Coffman's other point.

Sam Boyd, Ph.D. examined K.M.C. on November 16, 2015 and December 21, 2016. (R. at 481–84, 597–600). K.M.C. was three years old at the first examination and four years old at the second. Dr. Boyd's reports include such statements as the following:

> [K.M.C.'s] conversation was logical, relevant, goal directed, and well organized. He did not report or exhibit delusions, paranoia, obsessions, or any other disordered thought content. He stated that he does not have suicidal or homicidal thoughts. He did not report or exhibit auditory, visual, or other type of hallucinatory experiences.

(R. at 482, 599). As Coffman notes, this is a highly unusual way to describe the mental state of a three to four-year-old child. The ALJ acknowledged this argument at the hearing, agreeing that it would be appropriate to have an examiner that understands children conduct another examination. (R. at 36–37, 55–56, 57–58). The ALJ requested that Coffman's attorney research qualified psychologists and appropriate tests to perform at a subsequent evaluation. (R. at 55). Coffman's attorney did the requested research and notified the ALJ of a number of qualified examiners and of what tests should be performed. (R. at 273, 279–80). Coffman objected to the second examination by Dr. Boyd, as he did not perform the full tests that were requested and deferred a diagnosis pending further evaluation by another examiner. (R. at 279). Significantly, Dr.

Boyd also gave no opinion regarding the six functional domains that the ALJ was required to consider.

The ALJ has a duty to fully and fairly develop the record independent of the claimant's burden to press her case. *Strongson v. Barnhart*, 361 F.3d 1066, 1071-72 (8th Cir. 2004). The ALJ acknowledged Dr. Boyd's inadequacy as an examiner, yet K.M.C. was sent back to Dr. Boyd for a second examination, and the ALJ gave great weight to Dr. Boyd's opinions. (R. at 17). Coffman's counsel provided the ALJ sufficient information to provide for a qualified examiner.

The Commissioner argues that the evidence of record is sufficient because the ALJ had additional opinions to rely upon. However, all the evidence to which the Commissioner refers was available at the very hearing where the ALJ determined that further development of the record was necessary. The only additional evidence added to the record were mental health treatment records and Dr. Boyd's second report. (R. at 535–600). It is simply not possible for the undersigned to find the record adequately developed where the ALJ stated a need for a different examiner's opinion and then reused the same inadequate examiner.

### III.     Recommended Disposition

The ALJ failed to fully and fairly develop the record. The ALJ's decision is therefore not supported by substantial evidence on the record as a whole. For these reasons, the undersigned magistrate judge recommends REVERSING and REMANDING the decision of the Commissioner with instructions to develop the record through a mental consultative examination to be conducted by a mental health provider qualified to examine young children and as otherwise necessary.

It is so ordered this 28th day of September, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE